## Commonwealth v. White Truck No. GN-8191 and The White Company, Appellant.

*Intoxicating liquors—Act of March 27, 1923, P. L. 34, section 11 (D)—Seizure of motor truck.*

Under the provisions of section 11 (D) of the Act of March 27, 1923, P. L. 34, a motor truck used in the illegal transportation of intoxicating liquors is subject to forfeiture, condemnation and sale.

Under the provisions of this act the rights of innocent persons are protected as follows:

Where the holder of the legal title is the bailor "under a bailment lease or contract," and proves that the unlawful use for which the vehicle was seized was without his knowledge or consent. In such a case, although the condemnation and sale shall proceed, the claim of the bailor for the money due under the contract shall attach to and be paid out of the funds derived out of the sale.

When the owner of the vehicle or one having the right of possession thereof proves to the satisfaction of the court that the unlawful use of it was without his consent. In such a case the court may order the vehicle returned to the claimant.

An owner who merely proves the circumstances under which a truck was sold or possession given to the party defendant, does not meet the burden of proving that the unlawful use was without his knowledge.

The fact that the Act of March 27, 1923, P. L. 34, discloses a distinction between the rights of a bailor and the holder of a chattel mortgage, does not amount to a denial of equal protection under the law, and does not violate the federal Constitution guaranteeing for such protection.

Argued October 29, 1924. Appeal, No. 161, Oct. T., 1924, by The White Company, from decree of Q. S. Franklin Co., Miscellaneous Docket, page 245, dismissing petition and adjudging forfeited White Truck GN-8191, and ordering the same to be sold, in the case of Commonwealth of Pennsylvania v. White Truck No. GN-8191 and The White Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for order of forfeiture of White Truck GN-8191. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused the prayer of the intervening petitioner and ordered the property to be condemned and sold. The intervening petitioner appealed.

*Walter K. Sharpe* and *John McD. Sharpe,* and with them *Garnet Gehr,* for appellant.

*Watson R. Davison,* and with him *Charles H. Clippinger,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:

One Fields was convicted in the Court of Quarter Sessions of Franklin County on an indictment charging him with transporting intoxicating liquor for beverage purposes in violation of the Act of March 27, 1923, P. L. 34. Subsequently on January 22, 1924, the district attorney instituted a proceeding under section 11(D) of the Act of 1923, supra, for the forfeiture and condemnation of the motor truck in which the liquor was transported. On January 23, 1924, the White Company, a corporation chartered under the laws of the State of Ohio and doing business at Cleveland in that state, presented a petition setting forth that on or about March 1, 1923, it had sold and delivered the motor truck to

Fields, whose post office address was Gates Mills, Ohio; that it took as part of the purchase price notes aggregating $2,355 secured by a chattel mortgage on the motor truck; that at the time of the seizure of the truck by the authorities of Franklin County but a small part of the money secured by the mortgage had been paid; that by reason of the seizure aforesaid a breach of the conditions of the mortgage occurred and thereupon the company became entitled to the possession of the truck.   The prayer of the petition was that the truck be delivered to the company, or that an order be made that the amount due thereon under the notes and the mortgage be paid to it out of the proceeds of the sale thereof.   At the hearing it clearly appeared that the truck was seized while being used for transporting intoxicating liquor in violation of the Act of 1923, and that the White Company sold the truck to Fields in the manner above described, the date of the sale being January 29, 1923, and the dates of the mortgage and the notes being March 1, 1923.   At the time of the seizure of the truck, April 25, 1923, Fields was not in default under the terms of the notes and mortgage, although none of the notes falling due after May 1, 1923, have been paid.   This appeal is from the order refusing the prayer of the petition of the White Company, and condemning and forfeiting the truck.

The Act of 1923 provides for the forfeiture, condemnation and sale of every vehicle used in the transportation of intoxicating liquors intended to be used for beverage purposes, with certain exceptions saving the rights of innocent persons in two situations: first, where the holder of the legal title is the bailor "under a bailment lease or contract," and proves that the unlawful use for which the vehicle was seized was without his knowledge or consent.   In such a case, although the condemnation and sale shall proceed, the claim of the bailor for the money due under the contract shall attach to and be paid out of the funds derived out of the sale: Section 11. Sub-division (B) III; and second, when the owner

of the vehicle or one having the right of possession thereof proves to the satisfaction of the court that the unlawful use of it was without his knowledge or consent. In such a case the court may order the vehicle returned to the claimant: Section 11, Sub-division (D) VI.

The first contention of appellant is that the court below erred in holding that the White Company failed to sustain the burden of proving that the unlawful use of the truck was without its knowledge or consent. After reading all the evidence produced at the hearing, we agree with the learned judge of the court below that appellant utterly failed to prove that it had no knowledge of, and did not consent to, the unlawful use of the truck. The record discloses no offer of such proof. Two witnesses were called by appellant. A stenographer in its employ testified that she drew up the notes and the mortgage, and received the first payment made by Fields, but that she knew nothing more about the transaction. The assistant secretary of the company testified that the sale was made by a salesman in the regular course of business, and that there was nothing unusual about it. The salesman was not called. It is contended that the mere proof of the fact that the truck had passed out of appellant's possession in the ordinary course of business and had been acquired by a person unconnected in any way with the company was sufficient to meet the burden of proof and require the court below to find that the unlawful use of the truck was without appellant's knowledge or consent. With this we cannot agree. The fact that appellant is a corporation may have made it more difficult for it to prove that it had no knowledge of, and did not consent to, the illegal use of the truck than if it had been an individual; but the statute does not provide one rule of evidence for a corporation and another for an individual. The court below was clearly right in holding that appellant failed to meet the burden resting upon it in the circumstances.

The second contention of appellant is that the words "bailment lease or contract" in section 11, (B) III of the Act of 1923 embrace a chattel mortgage. Although the able counsel for appellant supports this position quite persuasively, we are unable to see how it could avail his client if we decided the point in his favor. It is unnecessary for us to pass upon the question and we do not do it, because under the act even a bailor is not entitled to be paid out of the proceeds of the sale if he fails to establish that the unlawful use of the property by the bailee was without his knowledge or consent. Here there was a failure of such proof.

Finally it is urged by appellant that the Act of 1923, by permitting a bailor of condemned property to be paid out of the proceeds of the sale thereof and denying the same right to a chattel mortgage of such property, violates the equal protection clause of the Federal Constitution. Conceding that there may be a reasonable classification of the subjects of legislative action, based upon actual differences which inhere in the different subjects, it is argued that the distinction must be real and based on substantial differences which do not exist between the case of a person holding a chattel mortgage and the case of a bailor under a bailment lease. The law of this Commonwealth as declared by our Supreme Court in respect to the difference between the rights and liabilities of parties to a bailment contract and the rights and liabilities of parties under a chattel mortgage is too well settled to be questioned here. We are satisfied that there is a real difference between the status of persons owning chattels and persons merely having a lien thereon, and that the provision of the Act of 1923 recognizing that difference does not amount to a denial of equal protection of the laws.

The assignments of error are overruled and the judgment is affirmed.