## Commonwealth *v.* One Studebaker Light Six Coupe.

*Liquor laws—Automobiles—Forfeiture—Chattel mortgage—Mortgage of foreign state—Act of March 27, 1923, P. L. 40, Section 11, b III.*

The holder of a chattel mortgage authorized under the laws of the State of Ohio on an automobile which has been seized for the illegal transportation of liquor, is not entitled to the remedies of an innocent bailor under the provisions of the Act of March 27, 1923, P. L. 40, Section 11, paragraph b III.

The mortgagee may have had a lien upon the automobile as long as it remained in Ohio, but when it was brought into Pennsylvania it became subject to the laws of this Commonwealth. Under the Act of March 27, 1923, Section 11, paragraph b III, when an automobile seized for the illegal transportation of liquor is held under a bailment lease, and the legal title thereto is in another person, who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale after the payment of costs. But such remedies are not reserved to the holder of a chattel mortgage authorized under the laws of a neighboring state.

Argued October 5, 1925. Appeal No. 7, April T., 1926, by Metropolitan Securities Company, from decree of Q. S. Lawrence County, September Sessions, 1924, No. 130, in the case of Commonwealth of Pennsylvania v. One Studebaker Light Six Coupe. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for the forfeiture of an automobile. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court directed the automobile to be forfeited, and that it be sold at public sale, and the proceeds paid to the County Treasurer in accordance with the provisions of the Act of March 27, 1923, P. L. 34. The Metropolitan Securities Company appealed.

COMMONWEALTH v. STUDEBAKER COUPE. 533

532,(1926).] Assignment of Error—Opinion of the Court.

*Error assigned* was the judgment of the Court.

*Roy M. Jamison,* and with him *Martin and Martin,* for appellant.—If the rights of third parties have not intervened, chattel mortgages from another State will be enforced. The relation between mortgagor and mortgagee differs but little from the relation existing between the bailor and bailee under the laws of Pennsylvania: Klaus v. Majestic A. H. Co., 250 Pa. 194; Enterprise W. P. Co. v. Rantoul Co., 260 Pa. 540; Jackson's Estate, 5 Sadler 573; Fry v. Miller, 45 Pa. 441; City Bank v. Easton B. & S. Co., 187 Pa. 30; Com. v. One Cadillac Sedan, 6 D. & C. Reports 118; MacCabe v Blymyre, 9 Phil. 615.

*R. L. Hildebrand,* District Attorney, for appellee.— 25 Corpus Juris, Section 47, page 1171; Com. v. One Ford Truck, 85 Pa. Super. Ct. 188; Com. v. One Dodge Automobile, 5 D. & C. 201.

OPINION BY PORTER, J., November 2, 1925:

Murio Bellosits was arrested, in the county of Lawrence, while transporting intoxicating liquor in a Studebaker Light Six Coupe automobile, and the car was seized by the officers making the arrest. Bellosits entered a plea of nolo contendere to an indictment charging him with unlawful transportation of intoxicating liquors for beverage purposes. The district attorney presented a petition to the court below praying that the automobile be adjudged forfeited to the Commonwealth and condemned and that the same be ordered sold in the manner provided by law. The court fixed November 17, 1924 for a hearing on the petition and directed notice to be given in accordance with the provisions of the statute. The appellant, on November 11, 1924, presented a petition to the court averring that it was the holder of a chattel mortgage on the car in question, executed by Bellosits, as secur-

ity for the payment of a note, on which there was a balance of the debt unpaid amounting to $368.90, which mortgage was duly filed of record in Mahoning County, Ohio; that the unlawful use of the car by Bellosits was without the knowledge of the appellant, and praying that if the car was adjudged forfeited to the Commonwealth and ordered to be sold, there should be included in the said order a direction that the claim of the Metropolitan Securities Company should be paid out of the fund derived from the sale, after payment of costs. The court fixed the time for a hearing on this petition for November 17, 1924, the date fixed for the hearing on the petition of the district attorney. The court after a full hearing, decreed that the car be condemned and adjudged to be forfeited to the Commonwealth and ordered that it be sold by the sheriff, after the notice required by the statute, and that the proceeds of the sale be paid to the county treasurer; and dismissed the claim presented by the appellant. The Metropolitan Securities Company appeals and here assigns for error the making of the above order and the dismissal of its claim.

The learned counsel for the appellant urge in their brief that: "The State could acquire no interest in the said automobile except by condemnation and the said automobile having been condemned, it would then have an interest in the proceeds of sale, but before condemnation the Commonwealth was advised of the existence of a chattel mortgage, a lien on said automobile, and the State was therefore advised of the existence of said chattel mortgage before it acquired any interest of any character whatsoever." "The Commonwealth was not an intervening creditor or owner. It had no right in or claim to the motor vehicle. The appellant had title under its mortgage." These suggestions have no application to the present case. When, at common law, a conviction of felony involved a forfeiture of goods no title vested in the king until

there was a conviction or outlawry of the felon. This rule does not apply to proceedings in rem, under statutes providing for the forfeiture of specific property used in violation of law. Statutes providing for the forfeiture of specific property used in violation of law are constitutional: Commonwealth v. Patsone, 231 Pa. 46, affirmed by the Supreme Court of the United States in 232 U. S. 138. When the thing is inculpated under an in rem statutory provision it may be forfeited, although the act which caused the forfeiture was not done by or with the consent of the owner: Dobbins v. United States, 96 U. S. 395. It is the use of the property in violation of law which causes the forfeiture, the subsequent proceeding to condemn is for the purpose of adjudging whether it has been forfeited. It would have been altogether competent for the Commonwealth to have enacted that the use of a vehicle in the unlawful transportation of intoxicating liquors for beverage purposes should work an absolute forfeiture, although the unlawful act was done without the consent of the owner. The legislature did not do this in the Act of March 27, 1923, P. L. 34, but permitted owners in certain circumstances to recover possession of a vehicle which had without their knowledge and consent been used in the unlawful transportation of liquor, and in other circumstances gave them the right to be reimbursed out of the proceeds of the sale when sufficient fund was therefrom realized. There is no claim in the present case that the appellant was the owner of the vehicle, but it is asserted that it was within the protection of section eleven, b III of the Act of 1923, P. L. 40, which provides: "In the case of any vehicle......condemned as aforesaid, the court shall order a public sale thereof by the sheriff of the county...... In the event that any such vehicle......is, when so seized, held and possessed under a bailment lease or contract, and the legal title thereto is in another person who shall prove that the

unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale after payment of costs.'' Whether this appellant comes within this provision of the statute is the only question involved in this appeal.

This appellant may have had a lien upon this automobile so long as it remained in the State of Ohio, although no evidence was produced in the court below to establish that fact. When the vehicle was brought into Pennsylvania by the owner it became subject to the laws of this state and any creditor of the owner might have caused it to be seized in execution for the payment of his debt, although that creditor knew of the existence of the mortgage in the state of Ohio: Klaus v. Majestic A. H. Co., 250 Pa. 194. The provision of the statute above quoted is a saving clause for the protection of rights which would otherwise be destroyed by a sale under a proceeding in rem for a forfeiture of the property. By the explicit provision of the clause the person to whom it gives relief must be a bailor, who was out of possession at the time of the seizure, because the property had been delivered to the bailee "under a bailment lease or contract". This provision might possibly be held to include one who had delivered the vehicle to his creditor as security for the payment of his debt, when the pledgee had, without the knowledge or consent of the pledgor, used the vehicle in the unlawful transportation of liquor, but that is not this case. This appellant was not a bailor. Bellosits was in possession of the vehicle, not under a bailment lease or contract, but as the owner of the car. To hold that the appellant is entitled to receive payment of its mortgage out of the proceeds of the sale of the vehicle would be judicial legislation and not interpretation of the statute.

The decree is affirmed and the appeal dismissed at cost of the appellant.