## Commonwealth v. One Buick Roadster.

*Motor vehicles—Condemnation—Illegal transportation of liquor—Right of chattel mortgagee—Act of March 27, 1923, P. L. 34.*

In a proceeding under the Act of March 27, 1923, P. L. 34, for the condemnation and sale of a motor vehicle used in the illegal transportation of intoxicating liquor, the holder of a chattel mortgage recorded in another state, is not entitled, under Section 11 of the Act, to payment of the mortgage debt out of the proceeds of the sale, although the mortgagee knew nothing of the illegal use of the car.

Argued March 8, 1926.   Appeal No. 120, April T., 1926, by General Motors Acceptance Corporation from decree of Q. S. Butler County, September Sessions, 1925, M. S. D. No. 4, in the case of Commonwealth v. One Buick Roadster.   Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.   Affirmed.

Petition for condemnation, forfeiture and sale of a motor vehicle used for transporting intoxicating liquors.   Before Henninger, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition of the mortgagee. Mortgagee appealed.

*Error assigned* was the order of the court.

*J. Campbell Brandon*, and with him *F. Clair Ross* and *W. D. Brandon*, for appellant.

*W. B. Purvis*, and with him *Thomas W. Watson*, District Attorney, for appellee.

OPINION BY LINN, J., April 19, 1926:

This appeal is from an order in a proceeding to condemn an automobile taken from parties engaged in the illegal transportation of intoxicating liquor. The driver of the car pleaded guilty. The Commonwealth filed a petition for the condemnation, forfeiture and sale of the car pursuant to section 11 of the act of March 27, 1923, P. L. 34. To that petition, the General Motors Acceptance Corporation of Ohio, appeared and filed an answer, averring that it was the holder of a chattel mortgage given by one Forrester by which it was interested in said car as a lien creditor; that a balance of $1227.50 remained owing on said debt, and that it claimed to be entitled to share in the proceeds of the sale under section 11 of the statute. The court made an order of sale as prayed for, and the car was sold for $1,000. The General Motors Acceptance Corporation then filed its petition setting forth the proceedings had, denying knowledge of the illegal use of the car, and praying that the net proceeds of the sale be paid to it on account of the chattel mortgage debt. Testimony was taken. A representative of petitioner testified that petitioner knew nothing about the illegal use of the car. The mortgage was recorded in Lorain County, Ohio. The court dismissed the petition. The holder of the chattel mortgage now appeals and contends that section 11 authorizes payment on the debt.

The decision below was correct for reasons stated in Commonwealth v. One Studebaker Light Six Coupe, 86 Pa. Superior Ct. 532, which need not now be repeated.

Order affirmed.