## Commonwealth of Pennsylvania *v.* One Five-Passenger Overland Sedan, Appellant.

*Liquor laws—Automobiles—Forfeiture—Chattel mortgages—Mortgage of foreign state—Act of March 27, 1923, P. L. 34, Section 11, Paragraph 6.*

The holder of a chattel mortgage authorized under the laws of Ohio on an automobile which has been seized for the transportation of liquor is not entitled to the remedies of an innocent owner or bailor under the provisions of the Act of March 27, 1923, P. L. 34, Section 11, Paragraph 6.

It is provided in Section 6 that the claimant shall prove by competent evidence to the satisfaction of the court that the vehicle was lawfully acquired, possessed and used by him, or if it appear that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent. As the proceeding is statutory, it is incumbent on the claimant to put himself within the terms of the statute.

A stipulation in a chattel mortgage granting a right to the mortgagee to take immediate possession of the chattel in the event of the violation of the prohibition laws, does not confer such ownership in the chattel as would defeat the claim of the Commonwealth.

The proceeding is in rem and the forfeiture and condemnation

under the provisions of the Act of March 27, 1923, P. L. 34, is absolute except where the court is authorized on the application of the owners or bailees to apply the proceeds of sale to the claim of the innocent owner or to return the property to the innocent owner or bailee on cause shown.

Even though the enforcement of the right of possession under the chattel mortgage was valid, the vehicle became subject to forfeiture at the same time the defendant's right of possession arose, and the claim of the Commonwealth is paramount.

Argued March 15, 1927. Appeal No. 160, April T., 1927, by Howland Securities Company from decree of Q. S. Butler County, December T., 1926, No. 11, in the case of Commonwealth of Pennsylvania v. A Five Passenger Overland Sedan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for return of automobile. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed that the automobile be forfeited to the Commonwealth and that it should be sold according to law. Howland Securities Company appealed.

*Error assigned* was the judgment of the court.

*James M. Galbreath,* of *Galbreath & Galbreath,* for appellant—The chattel mortgage constituted a contract between the parties which was as valid in Pennsylvania as a contract is in Ohio, but without the right of lien. The appellant had the right of possession of the automobile and its right arose prior to the seizure: Harlan v. Harlan, 15 Pa. 513; Burns v. Cooper, 31 Pa. 426; Commonwealth v. One Ford Truck, 85 Pa. Superior Ct. 194.

*Thomas W. Watson,* District Attorney, for appellee.

OPINION BY HENDERSON, J., April 22, 1927:

This is a proceeding for the condemnation of an automobile seized while in the possession of one Pete Maker who was then using it for the transportation of intoxicating liquor. Having been arrested and indicted for the offense, Maker pleaded guilty in the Court of Quarter Sessions of Butler County. Subsequently the district attorney filed his petition for the condemnation of the automobile under the provisions of the Act of March 27, 1923, P. L. 34. A few days later the Howland Securities Company, a corporation doing business in the State of Ohio, presented its petition to the Court of Quarter Sessions for an order directing the return of the automobile to it for the reason that it held a chattel mortgage on the automobile, given by George Kocsis and Steve Stramsak in the State of Ohio while the automobile was there, to Louis Vargo to secure the payment of a promissory note for $546.23 given on a deferred payment of that amount for the car, which mortgage was assigned by Vargo to the Securities Company, a balance of $364.12 remaining due at the time of the seizure; and that in violation of the terms of the chattel mortgage, the automobile was removed to the State of Pennsylvania without the permission of the petitioner and was used for the transportation of intoxicating liquor in Pennsylvania without the consent or knowledge of the petitioner, and in violation of a stipulation of the chattel mortgage, as a result of which violation and in conformity to the terms of the mortgage, the petitioner became immediately entitled to the possession of the automobile. Evidence was offered at the hearing on the petition to show the transfer of the mortgage to the petitioner and to inform the court that the petitioner neither authorized the use of the car nor had knowledge of such use until after the seizure. The trial judge refused the application to return the car

to the Securities Company and entered an order of condemnation pursuant to the provisions of the statute, from which action we have the pending appeal. The appellant does not rely on a lien secured by the mortgage, but on that provision of it granting a right to the mortgagee to take immediate possession of the chattel in the event of a violation of the prohibition above referred to and other defaults recited in the mortgage. The petitioner is not and never was the owner of the car and the right asserted is not as owner or bailee, but by one having a contract right of possession which it is claimed by the learned counsel for the appellant is recognized in Paragraph 6, of Section 11, of the Act referred to. It is there provided that "any person claiming the ownership of or right of possession to any intoxicating liquor, vehicle, team, conveyance, craft or other property, the disposition of which is provided for in this section, may, at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto." The right relied on is given to a holder of the mortgage if the mortgagor shall fail to perform and comply with any of the terms and conditions of the mortgage to be performed by the mortgagor, in which case "all of the unpaid installments shall, at the option of the holder thereof, without notice of said option to any one, become at once due and payable and the then holder of said note shall thereupon have the right to take immediate possession of said chattel and for that purpose may pursue the same wherever the same may be found and with or without legal process may enter any premises where said chattel may be found and take possession thereof and remove and sell and dispose of the same at public sale after first giving ten days' notice of the time, place and terms of sale." The proceeds of which sale are to be applied (1) to the pay-

ment of the costs and charges; (2) to the payment of the amount due on the note for which the mortgage was security and the surplus, if any, to be paid to the mortgagor. The proposition which the appellant undertakes to support is that by the removal of the automobile to Pennsylvania, one of the provisions of the mortgage was violated, as was also another provision when the car was used for the transportation of intoxicating liquor, as a result of which the petitioner became entitled to the possession of the car. The fifth paragraph of Section 11 provides that if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (a) that he is the owner of said property; (b) that he lawfully acquired the same; (c) that it was lawfully used and possessed by him. It is provided in Section 6 that in such proceeding the claimant shall prove by competent evidence to the satisfaction of the court that the vehicle was lawfully acquired, possessed and used by him, or if it appear that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent. As the proceeding is statutory, it is incumbent on the claimant to put himself within the terms of the statute. His contention is that when the owner of a vehicle seized for a violation of the Pennsylvania statute has entered into a contract providing for the delivery of possession to a creditor on default of compliance with the terms of the contract, such an agreement gives the holder of the contract the same standing which is conferred on an owner or bailee of the property against whose right one in possession of the property has exposed the vehicle to seizure. But we do not so construe the statute. As related to this case, it is legislation in relief of an owner or bailee out of possession of the

property to which he has title absolute or qualified. Paragraphs 4, 5 and 6, of Clause D, Section 11, must be read together to obtain a clear understanding of the legislative intent, and when so read we think it clear it is an owner, or one who has as bailee a qualified ownership of the property, who is privileged to assert such ownership or right of possession. As has already been noticed, the fifth paragraph, prescribing the quality of evidence necessary to be produced in support of the claimant, expressly declares that a lawful title or a lawful use and possession had before the seizure is indispensable to support a claim, and the sixth paragraph requires the claimant to prove that the conveyance was lawfully acquired, possessed and used by him, but nowhere do we find in either of these paragraphs provision for relief of a person who claims a contract of possession not connected with ownership or bailment. The only right of possession asserted is that given by the chattel mortgage to enable the mortgagee to make a public sale of the property in the enforcement of his claim. Unquestionably this automobile would have been subject to levy and sale in Pennsylvania by a creditor of the owner, notwithstanding the agreement for forfeiture of possession on breach of the provisions of the mortgage, and as the petitioner had no right of property in the thing seized, he has no standing under the legislation to which he appeals. The "possession" to which the statute refers is a possession connected with ownership and not a contract right to possession merely. The contention of the appellant if sustained would amount to a practical nullification of that part of the statute providing for the seizure and condemnation of things used in the manufacture and transportation of intoxicating liquor, for as observed by the learned trial judge, a chattel mortgage for a trifling amount with the concurrent provision for acquisition of pos-

session of the thing mortgaged, on default of the mortgagor, would put it in the power of designing persons to remove the seized property from the state and thus avoid forfeiture.   The proceeding is in rem and the authority of the state to forfeit for the causes stated in the statute is well shown by Judge PORTER in Com. v. Studebaker Coupe, 86 Pa. Superior Ct. 532. The forfeiture and condemnation is absolute. except when the court is authorized on the application of owners or bailees to apply the proceeds of sale to the claim of an innocent owner or to return the property to an innocent owner or bailee on cause shown. In a study of the statute, we are unable to obtain a view of it consistent with the claim of the appellant, and even if the theory of the learned counsel were accepted as to the enforcement of the right of possession, the vehicle became subject to forfeiture at the same time the defendant's right of possession arose, and the claim of the Commonwealth is paramount.

The order of the court below is affirmed at the cost of the appellant.