## Commonwealth v. Bowers.

*Thomas O. Haydock,* for petitioner.

*William J. MacCarter,* District Attorney, and *William R. Toal,* Assistant District Attorney, for Commonwealth.

MACDADE, J., April 14, 1930.—The petition of the Commercial Credit Company filed in the above-entitled case contained a prayer for the return of an automobile, which is owned, it is alleged, by it, and is a Chrysler 70 coupé, serial No. PY-46250, motor No. 1830684, the said petitioner being a Delaware corporation and engaged in the finance business. The petition was filed in accordance with the provisions of paragraph *D*, clause VI, section 11, of the Enforcement Act of March 27, 1923, P. L. 34. The said automobile was confiscated by the District Attorney of Delaware County for the reason that said coupé was used in the illegal transportation of intoxicating liquor.

This section provides as follows: "Any person claiming the ownership of, or right of possession to, any intoxicating liquor, vehicle, team, conveyance, craft or other property, the disposition of which is provided for in this section, *may, at any time prior to the sale* thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and if, upon public hearing thereon, due notice of which having been given to the district attorney, such claimant shall prove by competent evidence to the satisfaction of the court that said intoxicating liquor, vehicle, team, conveyance, craft or property was lawfully acquired, possessed and used by him, or if it appearing that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent, then the court may order the same returned to said claimant, otherwise it shall be destroyed or sold (as the case may be) as hereinabove provided."

Proceedings under the above section are for the return of the property before any sale has been had and should be distinguished from the proceedings under paragraph *B*, clause III, section 11, of the same act where the proceedings are for the proceeds of the sale.

Paragraph *B*, clause III, of section 11, provides as follows: "In the event that any such vehicle, team, conveyance or craft is, when so seized, held and possessed under a bailment lease or contract and the legal title thereto is in another who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale after payment of costs."

The case of Com. *v.* One Nash Roadster, 91 Pa. Superior Ct. 600, decided that, under section 11, clause III, paragraph *B*, a conditional vendor was not a bailor, and, therefore, was not entitled to claim the proceeds under this section.

Petitioner claims, however, that this case did not have any bearing whatsoever on the proceedings to be taken under section 11, paragraph *D*, clause VI, under which section the petition in this case has been filed.

The petitioner, Commercial Credit Company, has presented its petition to the court, alleging its lawful ownership of the automobile in question; the district attorney was given due notice of the filing of the petition, a copy having been served on him. The petitioner is prepared upon further hearing to prove by competent evidence that "the said automobile was lawfully acquired and that if the said automobile were unlawfully used by the conditional vendee, the said unlawful use was without the knowledge or consent of your petitioner."

It would be a vain thing to proceed to a further hearing in this matter, for the case is complete upon the pleadings, and due argument and briefs have been presented to the court by the respective parties for our consideration, for attached to the petition of the claimant is the agreement between B. B. Bowers and Consolidated Auto Sales Co., Inc., which from its terms is a conditional sales agreement, said conditional sales agreement having been assigned to Commercial Credit Company, the claimant in this petition, a copy of said assignment being also attached to said petition.

The section of the act of assembly above referred to (paragraph *D*, clause VI) was intended to protect a person claiming the ownership of and right of possession to a motor vehicle and a person capable of proving said ownership and said right to possession by a proper hearing before a court of competent jurisdiction. The claimant in the case at bar has no standing before the court, for the reason that it cannot claim ownership or right of possession to

the said motor vehicle in question because of the fact that the defendant, B. B. Bowers, held title to said motor vehicle under a conditional sales agreement and not under a bailment lease. The only claim that the said claimant, Commercial Credit Company, can have is as the holder of a chattel mortgage or lien as security for the sum or sums of money due and left unpaid under the terms of the said conditional sales agreement.

In the case at bar, the title to the said motor vehicle passed to the said B. B. Bowers immediately upon the execution of the said conditional sales agreement and delivery of the said motor vehicle to the said B. B. Bowers.

In the case of Com. v. One Nash Roadster, 9 D. & C. 75 (1927), Biddle, P. J., in construing the provisions of paragraph B, clause III, of section 11 of the Act of March 27, 1923, distinguished between a conditional sales contract and a bailment lease and held that a conditional vendor had no right to participate under the conditions of said paragraph in the proceeds of the sale of a car that had been forfeited and condemned under the provisions of the Enforcement Act. Most assuredly, if the claimant had no right to participate in the funds raised by a public sale of the motor vehicle in question, then it had no right to assert any title in the motor vehicle prior to said sale. See Com. v. One Nash Roadster, 91 Pa. Superior Ct. 600, wherein the court held that an automobile sold under a conditional sale may be seized for use in the transportation of intoxicating liquor and the vendor has no rights under section 11, clause III, of the Act of March 27, 1923, P. L. 34.

The claimant in this case prays for the return of the car under clause VI, paragraph D, of the Enforcement Act of March 27, 1923, section 11, but if the said claimant can have no rights to the distribution of the proceeds after a sale, it can have no rights in the chattel itself before a sale takes place. The section of the act which it is endeavoring to invoke on its behalf is of no avail to it, for the reason that it cannot assert or prove ownership to the motor vehicle in question as required by said section, nor can it prove to the satisfaction of a court of competent jurisdiction a right of possession to said motor vehicle.

See, also, the following: Com. v. One 5-Passenger Overland Sedan, 90 Pa. Superior Ct. 376; Com. v. One Buick Roadster, 88 Pa. Superior Ct. 24; Com. v. One Studebaker Coupé, 86 Pa. Superior Ct. 532; Com. v. One Ford Truck, 8 D. & C. 491. Undoubtedly a motor vehicle, the custody of which is transferred to a third party under the terms of a bailment lease and used for an unlawful purpose, may be claimed by an innocent bailor in accordance with the provisions of the aforesaid Enforcement Act, and the intendment of the Legislature was not to interfere drastically with the contracts of bailment which have been recognized by the law of the Commonwealth of Pennsylvania for a long time. However, the Legislature did not contemplate the protection of every possible class of creditor where a chattel was seized and forfeited for a violation of the Enforcement Act. The Legislature has extended the arm of its protection to an innocent bailor, but it has not gone so far as to protect a vendor under a conditional sales agreement. We cannot construe a conditional sales agreement as anything but what it is, appearing from the face of the instrument itself. The intent of the parties to said conditional sales agreement did not contemplate the return of said motor vehicle to the vendor as is contemplated in the ordinary bailment lease. Title passed to the vendee immediately and the vendor could not take advantage of any of the provisions for its protection with respect to repossessing the said motor vehicle unless and until a default occurred in the provisions of said conditional sales agreement. Unfortunately for the claimant in this case, the

Commonwealth of Pennsylvania seized said motor vehicle for a violation of the law and now the rights of the Commonwealth of Pennsylvania rise paramount to any rights that the claimant may have under the terms of said conditional sales agreement.

Therefore, we make the following

## Order.

And now, April 14, 1930, the above matter coming on to be heard by the court *in banc* upon a petition of the Commercial Credit Company and rule to show cause why an automobile should not be returned, together with oral arguments and briefs, after due consideration thereof, the court doth order and decree that the said rule to show cause why an automobile should not be returned to the Commercial Credit Company be and is hereby discharged, and the petition be and is hereby dismissed, with costs upon the petitioner, the said Commercial Credit Company.