Commonwealth of Pennsylvania *v.* One Chrysler Coupe et al., Appellant.

Argued November 19, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Cecil P. Harvey*, and with him *Thomas O. Haydock, Jr.* and *Albert G. F. Curran*, for appellant.—The appellant had the right of recovery of the chattel as against the county authorities: Commonwealth v. One Chevrolet Coupe, 85 Pa. Superior Ct. 182; Commonwealth v. One Ford Truck, 85 Pa. Superior Ct 188; Commonwealth v. One Reo Speed Wagon, 91 Pa. Superior Ct. 385.

*William R. Toal*, Assistant District Attorney, and with him *William J. MacCarter, Jr.*, District Attorney, for appellee.—The appellant did not have the right of recovery of the chattel as against the county authorities: Commonwealth v. One Nash Roadster, 91 Pa. Superior Ct. 600; Commonwealth v. One Studebaker Light Six Coupe, 86 Pa. Superior Ct. 532.

OPINION BY KELLER, J., February 27, 1931:

The question at issue in this appeal is whether the seller of an automobile under a conditional sales contract is entitled to a return of the automobile, which had been seized as forfeited to the Commonwealth while being used by the buyer in the unlawful transportation of intoxicating liquors, on proof that such unlawful use was without the knowledge and consent

of the seller. Appellant, as assignee from the seller of the conditional sales contract, stands no higher than the seller himself.

By the Act of March 27, 1923, P. L. 34, which was the legislation enacted by this Commonwealth to enforce the eighteenth amendment to the federal constitution, it is provided (Section 11 (A)), "Upon the transportation of intoxicating liquor in violation of this act, the wagon, buggy, team, motor vehicle, water or aircraft, or other vehicle or receptacle in which it is so transported, shall be forfeited to the Commonwealth subject to the provisions herein set forth;" and in Section 11 (B), that if upon the hearing before the court of quarter sessions it appears that any vehicle seized under the provisions of the act "had been used for the unlawful transportation of intoxicating liquor, such vehicle......shall be adjudged forfeited and condemned." Statutes providing for the forfeiture of specific property used in violation of law are constitutional: Com. v. Patsone, 231 Pa. 46, affirmed in Patsone v. Com., 232 U. S. 138. Property may be forfeited under such a statute, although the act which caused the forfeiture was not done by or with the consent of the owner: Dobbins v. United States, 96 U. S. 395. The Commonwealth was not obliged to except any property from the forfeiture thus declared. It would have been competent for the legislature to have enacted that the use of a vehicle in the unlawful transportation of intoxicating liquor for beverage purposes should work an absolute forfeiture, irrespective of the want of knowledge on the part of the owner of the vehicle of such unlawful use: Com. v. Studebaker Coupe, 86 Pa. Superior Ct. 532, 535; and the forfeiture and condemnation are absolute except as the statute provides otherwise: Com. v. Overland Sedan, 90 Pa. Superior Ct. 376, 382.

The Legislature has seen fit to make two provisions

by way of exception to the general decree of forfeiture, in favor of parties innocent of such unlawful use.

1. By Section 11 (B) (III) it is provided that when any such vehicle is, when so seized, held and possessed under a bailment lease or contract, and the legal title thereto is in another person who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale, after payment of costs, and the balance paid to the county treasurer for the use of the county. See Com. v. Ford Truck, 85 Pa. Superior Ct. 188. We have held that the holder of a chattel mortgage, authorized by the laws of another state, and entitled under its provisions to the possession of the vehicle, is not within the saving provision of the act: Com. v. White Truck, 85 Pa. Superior Ct. 92; Com. v. Studebaker Coupe, supra; Com. v. Buick Roadster, 88 Pa. Superior Ct. 24; Com. v. Overland Sedan, supra; and that the seller under a conditional sales contract has no right to any part of the proceeds of sale of any vehicle sold under the condemnation proceedings provided for in the act: Com. v. Nash Roadster, 91 Pa. Superior Ct. 600; that he does not come within the protected class of bailors under a bailment lease or contract, to the extent of the money still due him under the contract.

2. By Section 11, (D) (VI), any person claiming the ownership of, or right of possession to the vehicle seized during such illegal transportation of intoxicating liquors, may at any time prior to the sale thereof present his petition to the court of quarter sessions alleging his lawful ownership thereof or right of possession thereto, and on proof upon public hearing of certain things to the satisfaction of the court, the court may order the vehicle "returned" to the claim-

ant. The things which must be proved to the satisfaction of the court are the same as are more fully stated in paragraphs (IV) and (V) immediately preceding:

"(IV) upon the filing of any claim for said property setting forth a right of possession thereof, the case shall be deemed at issue and a time be fixed for the hearing thereof.

"(V) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show: (a) that he is the owner of said property; (b) that he lawfully acquired the same; (c) that it was lawfully used and possessed by him; and (d) in the event that it shall appear that the property was unlawfully used by a person other than the claimant, then, such claimant shall show that such unlawful use was without his knowledge or consent." See Com. v. Overland Sedan, 90 Pa. Superior Ct. 376, 380, 381. In order that the court may order the vehicle "returned" to the claimant, the latter must assume the burden of proof and satisfy the court as to the matters set forth above, and the recital of the matters that one claiming a right of possession must prove, in connection with the use of the word "return" in the order which the court is authorized to enter, leads us to the conclusion that the claim to be effective must be presented either by an actual owner, or by a bailee, with a qualified ownership, against whose right one in temporary possession of the property has exposed the vehicle to seizure; that a mere future right of possession at the time of seizure, based on a reserved naked title, does not bring the claimant within the saving provisions of the statute.

The appellant relies on the provisions of the Uniform Conditional Sales Act of 1925, P. L. 603. That act did not make any vital change in the relation be-

tween buyer and seller under a conditional sales contract, *as between themselves*. It has always been the law of Pennsylvania, that, as between the buyer and seller, a conditional sale contract providing that title to the article sold should remain in the seller as security for the payment of the purchase price was valid; it was only as to creditors of and bona fide purchasers from the buyer without notice, that the contract was invalid: Forrest v. Nelson, 108 Pa. 481, 488.

The Uniform Conditional Sales Act of 1925 made no change in this respect; except that, as between the parties themselves it gave the buyer some rights and interests that he did not have before; for, under its provisions, if the buyer has paid fifty per cent of the purchase price at the time of the retaking by the seller, the latter must sell the goods or property at public auction in the State where they were at the time of retaking, within thirty days thereafter, with at least ten days' written notice to the buyer, and after applying the proceeds of the 'resale' to (1) the expenses of such resale, (2) the expenses of retaking, keeping and storing the goods, (3) the satisfaction of the balance due under the contract, he must pay the balance to the buyer; and even where the buyer has paid less than fifty per cent of the purchase price at the time of the retaking, he can require such resale by the seller by serving a written demand for the same on the seller. See sections 18, 19, 20, 21, 25. And these provisions may not be waived by the buyer prior to or in the agreement, except as respects certain stipulations provided for in section 26, which are likewise for the protection of the buyer. The purpose of the Uniform Conditional Sales Act was to provide for a system of filing such contracts that would make them valid even as against creditors of and purchasers from the buyer, and to furnish more

adequate protection to the buyer in case of default. It may be noted, in passing, that it is not alleged and does not appear in this case that the conditional sales contract here relied on was ever filed as provided in the Conditional Sales Act, so that this claimant's rights in the automobile would be subordinate to those of innocent purchasers from or execution creditors of the buyer.

Now it will need a more explicit direction on the part of the legislature to convince us that it intended to include the 'seller' under the foregoing complicated arrangement as an owner within the saving provision of section 11, (D) (VI) of the Act of 1923, supra, merely because the 'naked title' to the vehicle (Forrest v. Nelson, supra, p. 488) is reserved to him. He is not regarded as the 'owner' in the common acceptation and understanding of the word. On the contrary the buyer is regarded as the 'owner,' subject to the right of the seller to repossess himself of the vehicle for default, and if a car should be stolen from such buyer and used without his knowledge in the illegal transportation of intoxicating liquors, I have no doubt of his right to make claim for the vehicle as an innocent 'owner' within the provisions of the act. The whole tenor and effect of the act is to limit the right of recovery to an innocent actual owner, invested with all the usual incidents of ownership, except so far as it may be affected by a taking without his consent, or by a use, lending or hiring with his consent, (Com. v. Reo Speed Wagon, 91 Pa. Superior Ct. 386), or by a bailment under a bailment lease or contract; or to an innocent bailee, with a qualified ownership, and possession of the vehicle, against whose right one in temporary possession has exposed the vehicle to seizure; and the 'seller' certainly is not a bailee. Under the Uniform Conditional Sales Act supra, if the seller retakes the vehicle he is bound in

the circumstances above mentioned to sell and account to the buyer for any excess received by him over the balance due him under the contract, in which event we would have the buyer whose rights have been forfeited by reason of his violating the law receiving through the seller part of the proceeds of sale of the contraband and forfeited article,—contrary to the clear aim and purpose of the statute.

In this view of the act, the case was rightly decided in the court below. The act does not require that the district attorney must file an answer to the claimant's petition. He may, as in this case, argue that the petition shows on its face that the claimant is not entitled to a return of the vehicle; in which case he may agree, as was done in the court below, to waive proof of the averments in the petition; but the burden is on the claimant to bring himself within the terms of the act and show: "(a) that he is the owner of said property; (b) that he lawfully acquired the same; (c) that it was lawfully used and possessed by him; (d) in the event that it shall appear that the property was unlawfully used by a person other than the claimant......that such unlawful use was without his knowledge or consent:" Sec. 11 (D) (V) of Act of 1923, supra; and if he shows on the face of his petition that he is not within the saving provisions of the act, he puts himself out of court. In such event a request for a jury trial amounts to nothing. A jury trial can only be demanded where there is a disputed question of fact. The court is not required to award a jury trial in cases where there is no dispute of fact and it would be obliged to decide the case against the claimant, as matter of law, on his petition.

The order is affirmed at the costs of the appellant.