## Commonwealth v. One Essex Coupe

L. E. Miller, district attorney, for Commonwealth.

E. E. Creps, for claimant.

LANGHAM, P. J., April 28, 1931.—On February 9, 1931, a petition was filed by the County Detective of Indiana County, stating, inter alia, that he had in his possession, by direction of the district attorney of said county, a certain motor vehicle, to wit, an Essex coupe, engine No. 1158721, manufacturer's No. 1096609, which said car was seized by a constable while being operated by one Irma Treece, and used by her in the transportation of liquor for beverage purposes, and praying the court for an order of forfeiture to the Commonwealth, and to be condemned and sold in accordance with the Act of March 27, 1923, P. L. 34.

On the same day, February 9, 1931, service of the petition was accepted by counsel for defendant and the issuing of a rule waived.

On February 16, 1931, an answer to the allegations in said petition was filed, wherein it was stated, inter alia, that Mrs. D. M. Treece, mother of the said Irma Treece, claimed an interest in the said car by reason of the fact that

she had paid the S. & R. Motor Company, which was bailor under a lease to Irma Treece, the lessee of the said S. & R. Motor Company, the sum of $475, less a share of stock of the Farmers & Mechanics Bank of Cherry Tree of the value of $100, the balance due under said lease, and had taken an assignment thereof, thus succeeding to all the rights and remedies of the said S. & R. Motor Company, original bailor, and praying the court for a "rule to show cause why it should not be determined by the court that the said Mrs. D. M. Treece is entitled to have and receive out of the proceeds of sale of the automobile above mentioned, after the payment of the costs of sale, the sum of $375 dollars, being the extent of her interest therein."

It was admitted that the S. & R. Motor Company held a bailment lease on the automobile in question, that at the time of the seizure there was due under said lease the sum of $475 (or, deducting the sum of $100, admitted value of bank stock pledged, the sum of $375), and that the unlawful use for which the car was seized was without the knowledge or consent of the said S. & R. Motor Company; in other words, that at the time of the seizure the said S. & R. Motor Company had a fixed legal right to the balance due on the lease under the portion of the Act of 1923 which provides, "then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale after payment of costs." Mrs. Treece, the now claimant, paid to the bailor the amount due it and which it was entitled to receive out of the proceeds of the sale of the car, and succeeded to its rights under the bailment lease. It was also admitted that Mrs. Treece had no knowledge of, nor consented to, the unlawful use of the car before its seizure. Under these circumstances, we feel that the assignee of the bailment lease can as effectively assert the claim against the proceeds as could her assignor, the original bailor. To hold otherwise would lead to the inequitable result of enriching the Commonwealth to the extent of $375 because the owner of a fixed legal right assigned it for value to one who was in no way legally incapable of taking the assignment.

The Commonwealth contends that the Act of 1923 protects only two classes of persons interested in a vehicle so seized, viz., the "owner" and the "bailor," and that an assignee of a bailor is not within the class. Two cases, Com. v. Studebaker Coupe, 86 Pa. Superior Ct. 532, and Com. v. Overland Sedan, 90 Pa. Superior Ct. 376, are relied on as sustaining its position. As we view those cases, they are not authority for the proposition of the Commonwealth. Both expressly recognize and sustain the rights of one who claims under a "bailment lease or contract" such as exists in the instant case. In each the decision was adverse to the claimant because his claim was based upon a chattel mortgage authorized under the laws of the State of Ohio, under which claimant's rights were very different from those existing under a bailment lease recognized in Pennsylvania. It was held that under the chattel mortgage the claimant "had no right of property in the thing seized," but "a contract right to possession merely;" whilst under a bailment lease in Pennsylvania, the claimant has a right of "possession connected with ownership."

### Decree and order of court

It is adjudged and decreed that said Essex coupe, engine No. 1158721, manufacturer's No. 1096609, shall be sold at public sale in accordance with the provisions of the Act of March 27, 1923, P. L. 34, and the proceeds therefrom, after payment of reasonable costs, shall be paid to Mrs. D. M. Treece, claimant, to the extent of $375, and the balance, if any, to the Treasurer of Indiana County.

From James L. Jack, Indiana, Pa.