## Commonwealth v. One Dodge Sedan

*James A. Reilly*, district attorney, for Commonwealth.

*Clark W. Martin* and *Harold G. Marshall*, for petitioner.

DUMBAULD, J., October 3, 1938.—The jurisdiction of the court is invoked by two petitioners for the disposition of the automobile described in paragraph second.

On June 15, 1938, Mike Garbo filed his petition asserting that he is the owner of a certain Dodge sedan, engine no. D-2241528, manufacturer's no. 4270436, title no. C-4417525.

He asserts the unlawful use of the automobile by his sister, Tressa Caravaggio, in that she loaded into the automobile five gallons of untaxed liquor, and that, while thus using his automobile on the highways of Luzerne Township, it was intercepted by enforcement officers. He alleges that the automobile is still in the possession of officers, who claim the right to forfeit it because of its use in transporting liquor illegally.

Upon presentation of this petition, the court directed a rule to issue upon James A. Reilly, District Attorney of Fayette County, to show cause why he should not deliver to Mike Garbo the Dodge sedan in question.

The petition of F. C. Brennecke, Supervisor of the Pennsylvania Liquor Control Board, was filed on June 22, 1938.

This petition alleges that petitioner, in his capacity as a law enforcement officer of the Commonwealth of Pennsylvania, has in his possession, by his agent, the same Dodge sedan described in Garbo's petition.

Another averment of the petition is that the automobile was seized by the duly authorized agent of the Liquor Control Board, on June 11, 1938, on a public highway, in Luzerne Township, Fayette County, Pa.

The registered owner is declared to be Mike Garbo, petitioner in the earlier proceeding.

He likewise avers that, at the time of the seizure, the automobile was in the possession of Tressa Caravaggio, a citizen of Fayette County.

It is alleged that at the time of the seizure of the automobile, it had been used, was being used, and was intended for use in violation of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended and supplemented.

"More specifically, the aforesaid automobile was at the time and place of the seizure aforesaid being used in the transportation of a five gallon can of white moonshine whiskey."

The prayer of this petition is that the Dodge sedan be adjudged forfeited to the Commonwealth of Pennsylvania.

The procedure for the forfeiture or condemnation of all property used in violation of the liquor law is specifically outlined in the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762.

We quote from section 611, p. 1806:

"(d) (1) The proceedings for the forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of quarter sessions, verified by oath or affirmation of any officer or citizen, containing the following: (I) A description of the property so seized, (II) a statement of the time and place where seized, (III) the owner, if known, (IV) the person or persons in possession, if known, (V) an allegation that the same had been possessed or used or was intended for use in violation of this act, (VI) and a prayer for an order of forfeiture that the same be adjudged forfeited to the Commonwealth, unless cause be shown to the contrary."

The act provides for service of a copy of the petition on the owner, if he can be found within the jurisdiction of the court.

In the same section the act also provides for the framing of an issue, by someone filing a claim for the property, and setting forth a right of possession thereof.

"(4) Upon the filing of any claim for said property setting forth a right of possession thereof, the case shall be deemed at issue, and a time be fixed for the hearing thereof."

It must appear from this provision of the act that a petition by the owner in advance of the petition by the

Liquor Control Board is not contemplated by the act, and is premature.

The act definitely determines the order of procedure at such hearing. We quote again from section 611:

"(5) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (I) that he is the owner of said property, (II) that he lawfully acquired the same, and (III) that it was not unlawfully used or possessed. . . . .

"In the event such claimant shall prove by competent evidence to the satisfaction of the court that said liquor, alcohol or malt or brewed beverage or still, equipment, material, utensil, vehicle, boat, vessel, container, animal, or aircraft was lawfully acquired, possessed and used, then the court may order the same returned or delivered to the claimant; but, if it appears that the property was unlawfully used it shall be destroyed or be turned over to the board . . . as hereinabove provided."

It was agreed by counsel that the petition filed by Mike Garbo should be regarded as a claimant's petition, within the meaning of the act.

A simple reading of this act closes the case against petitioner, Mike Garbo. His petition itself corroborates the claim of the Commonwealth, that, when the automobile was seized, it was in the possession of Tressa Caravaggio, in the unlawful transportation of a five-gallon can of untaxed liquor.

The Commonwealth's petition contains the six jurisdictional averments. At the time of the hearing, the Commonwealth produced evidence that the automobile was unlawfully possessed and used. By the plain terms of the act that placed the burden upon claimant to show, in addition to the fact that he is the owner of the automobile, and that he lawfully acquired the same, the third and last requirement, "(III) *that it was not unlawfully used or possessed.*" (Italics supplied.)

This provision of the Act of 1937 supplies a similar paragraph of the earlier acts. The earlier acts permitted claimant to prove, instead of "that it was not unlawfully used or possessed", "that it was not unlawfully used or possessed *by him.*" (Italics supplied.)

Under the procedure established by that act, the owner was permitted to prove lack of knowledge, lack of unlawful use *by him*, and, upon such proof, was permitted to reclaim his property.

All this is eliminated from the new act, and the requirement is plain and unmistakable, that he must prove, as a condition precedent to the return of his property, the fact that it was not used unlawfully.

It is to be returned to him only in the event that such claimant shall prove by competent evidence, to the satisfaction of the court, that the "vehicle" was lawfully acquired, possessed, and used.

Little more need be said. Everyone agrees that this automobile was unlawfully used. The affirmative burden placed upon claimant, of showing that it was not unlawfully used, has not in any sense been met.

As noted, this act completely eliminates the possibility of recovery by the owner upon his showing lack of knowledge of the unlawful act. The controlling question is the unlawful use. When that is admitted, the grounds of forfeiture are complete. It matters not whether the owner of the car had knowledge of the illegal use or not.

The acts providing for the forfeiture of property used in violation of law are constitutional: Commonwealth v. Patsone, 231 Pa. 46, [Patsone v. Pennsylvania] 232 U. S. 138.

This is true even though the act which caused the forfeiture was without the knowledge or consent of the owner: Dobbins' Distillery v. United States, 96 U. S. 395.

In passing this law, the Commonwealth was not obliged to except any property from the forfeiture thus declared. It would have been competent for the legislature to have enacted that the use of a vehicle in the unlawful transportation of intoxicating liquor for beverage purposes

should work an absolute forfeiture, irrespective of the want of knowledge on the part of the owner of the vehicle of such unlawful use: Commonwealth v. One Studebaker Light Six Coupé, 86 Pa. Superior Ct. 532, 535, cited and approved in the opinion of Keller, J., in Commonwealth v. Bowers, 304 Pa. 253.

The opinion of Keller, J., was affirmed per curiam by the Supreme Court, on appeal to that tribunal.

The forfeiture and condemnation are absolute except as the statute has provided otherwise: Commonwealth of Pennsylvania v. One Five-Passenger Overland Sedan, 90 Pa. Superior Ct. 376, 382.

We find in this statute no provision by which there is an exemption from the absolute forfeiture and condemnation which will permit the owner to show the unlawful use of the vehicle in the transportation of illicit liquor, without his knowledge.

If this appears to be a hard rule, relief therefrom must come from the legislature.

We therefore make the following

*Order*

Now, October 3, 1938, upon and after consideration, it is ordered, adjudged, and decreed that the prayer of petitioner, F. C. Brennecke, Supervisor of the Pennsylvania Liquor Control Board, be and it hereby is granted, and that the automobile therein described be, and it is hereby, forfeited to the Commonwealth of Pennsylvania, and it is ordered and directed that the said automobile be delivered into the custody of the Pennsylvania Liquor Control Board for its use or for sale or disposition by the board in its discretion. The petition of Mike Garbo is dismissed.

It is further ordered and directed that Mike Garbo pay the costs of this proceeding.