## Bank *v.* Carr.

*Nonsuit—Review of refusal to take off—Rule applied on appeal.*

The refusal to take off a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to plaintiff's evidence, and in testing the correctness of such refusal the plaintiff is entitled to the benefit of every fact and inference of fact which fairly might have been found by the jury, or drawn by them from the evidence before them.

Tested by this rule the action of the court below in the case at bar in refusing to take off the nonsuit is held to be correct.

*Record of chattel mortgage—Notice—Failure to examine when not evidence of bad faith.*

The record of an instrument is notice only to those who are bound to look for it. A chattel mortgage in New York is a secret lien not valid or recognized in Pennsylvania, and the failure of purchaser in Pennsylvania to look for such mortgage prior to buying cattle brought into the state for sale, does not bind him when it appears that the cattle were covered by such mortage ; nor is it even a scintilla of evidence of mala fides in the transaction in a suit by the mortgagee against such purchaser from the mortgagor.

Argued May 23, 1900. Appeal, No. 211, April T., 1900, by plaintiff, in suit of State Bank of Sherman, New York, against M. P. Carr and Harry Herring, from judgment of C. P. Warren Co., Dec. T., 1899, No. 1, refusing to take off compulsory non-

suit.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by ORLADY, J.

Motion to take off compulsory nonsuit.   Before LINDSEY, P. J. The facts sufficiently appear in the opinion of the court.

The court below entered a peremptory nonsuit which it subsequently on motion refused to take off.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*D. U. Arird*, with him *C. L. Covell*, for appellant.—Such an order necessarily concedes the truth of the plaintiff's testimony, and such inferences of fact as the jury may lawfully draw from it: McGrann v. Railroad Co., 111 Pa. 171.

Where by the terms of a chattel mortgage the mortgagee has an immediate right of possession, the property cannot be levied upon and sold under an execution against the mortgagor: Hull v. Carnley, 11 N. Y. 501.

Under a chattel mortgage which says nothing about the possession of the property, the mortgagee has the right to the possession of the same: Hall v. Sampson, 35 N. Y. 274; Angier v. Schieffelin, 72 Pa. 108; Overdeer v. Updegraff, 69 Pa. 110; Parke v. Neeley, 90 Pa. 52.

The plaintiff was entitled to the benefit of every inference of fact which the jury lawfully might have drawn from all of the testimony in this case, for it is the well settled rule that the court must submit the facts to a jury if there is any evidence, no matter how slight, if it is more than a scintilla, which alone would justify an inference of the disputed facts on which the plaintiff's right to recover depends: Bevan v. Ins. Co., 9 W. & S. 187.

*W. E. Rice*, with him *C. E. Bordwell* and *W. D. Hinckley*, for appellees.—As was said by the late Judge NOYES in LeRoy v. Roy, a Warren county case not reported, referring to personal property covered by a chattel mortgage in the state of New York brought from the state of New York into Pennsylvania:

" As soon as it came into the state of Pennsylvania it came into the operation of our laws, and if he (the mortgagor) intended to make his lien on the property or to enforce his rights,.

he must do what our laws require to be done by any purchaser or mortgagee—give notice to whomever might be interested in his title—and the only thing which our law recognizes as competent in such case is possession; such exclusive and absolute possession as gives notice to the world that a change has taken place in the ownership of the property: McKaig v. Jones, 2 Clark, 123; Armitage v. Spahn, 4 Pa. Dist. Rep. 270.

Notice of a lien or title of a person other than the one in possession must come from a person interested in the property, and must be directly communicated to the party sought to be affected: Hottenstein v. Lerch, 104 Pa. 454; Maul v. Rider, 59 Pa. 167.

The learned judge of the court below was clearly right in holding that the chattel mortgage of which defendants had no notice could not be made effective in Pennsylvania to deprive the purchaser of the property which he had bought and paid for in good faith from the owner in possession in this state.

OPINION BY ORLADY, J., November 19, 1900:

This is an appeal from the judgment of the court below in refusing to take off a compulsory nonsuit, which had been entered at the conclusion of the plaintiff's testimony. It is a well settled principle of practice that a refusal to take off a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to plaintiff's evidence, and, in testing the correctness of such refusal the plaintiff is entitled to the benefit of every fact and inference of fact which might have been fairly found by the jury, or drawn by them from the evidence before them. The evidence in support of plaintiff's claim may be very slight, but that is immaterial, providing it amounts to more than a mere scintilla. If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to the well settled rule, be submitted to the jury. It is their exclusive province to pass upon the credibility of the witnesses, weigh the evidence and ascertain the facts: Lerch v. Bard, 153 Pa. 573. Tested by this rule, the action of the court below is free from error. L. E. Doolittle, a farmer residing in the state of New York, executed and delivered a chattel mortgage on some personal property, as collateral security for a loan made to him by

the plaintiff bank. The mortgage was recorded in the proper office, and in that state was undoubtedly a binding contract between the parties, and a lien on the property. The defendants resided in Pennsylvania and negotiated with Doolittle for the purchase of the cattle which were included in the mortgage. The cattle were in Pennsylvania when they were purchased and paid for by the defendants; they were brought into this state by the owner for sale, and, upon inquiry, the owner declared that there was no mortgage upon them. Both of the defendants were called as if on cross-examination and were fully searched as to the good faith of the transaction. The only reasonable inference to be drawn from the testimony was destructive of the plaintiff's contention. Under the terms of the mortgage, the owner of the cattle had the right to have them in his possession, and because he did not apply the proceeds of the sale to the payment of his mortgage debt, did not throw any light on the good faith of the transaction, unless the purchasers were chargeable with knowledge of the lien on the cattle. The owner could have canceled the mortgage at any time by paying the debt. The purchasers did make inquiry of the owner as to the existence of any lien on the cattle, and was assured by the owner that they were free from lien. They could not reasonably be expected to delay the purchase of these cattle until an examination of New York records would be made to verify the owner's statements. Under such exactions there would be few transfers of personal property along the border lines of our state. The good faith of the transaction is to be determined by the facts as they were at the time of the purchase, and not by facts subsequently developed, unless the after disclosed facts should have been reasonably known at the time of the sale. Whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty as in case of purchasers and creditors, and, by the exercise of ordinary diligence and understanding would lead to the knowledge of the requisite fact. The record of a deed is notice only to those who are bound to search for it. It is not publication to the world at large: Maul v. Rider, 59 Pa 167 ; Tanney v. Tanney, 159 Pa. 277.

In the case of an unrecorded title by notice of its existence, communicated verbally, it is well settled that a party is not affected by a mere general rumor, and notice of such a rumor is

neither actual nor implied notice of the existence of such a title. The information must come from some person interested in the property and must be communicated to the party sought to be affected: Hottenstein v. Lerch, 104 Pa. 454. The chattel mortgage on these cattle in the state of New York was a secret lien that is not valid or recognized by the laws of this state. The purchasers cannot be held bound by the undisclosed purpose of Doolittle, and their rights depend, not upon that, but upon the inferences to be drawn from what was tangible and visible. There is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed: County of Marion v. Clark, 94 278; 24 Co. ed. 59.

There was no evidence in this case that would legally connect the defendants with knowledge of the mortgage lien on these cattle, and the trial court properly refused to submit that question to a jury.

The judgment is affirmed.