## Commonwealth of Pennsylvania *v.* One Nash Roadster.

*Intoxicating liquor—Automobile seizure—Bailment—Act of March 27, 1923, P. L. 34.*

An automobile sold under a conditional sale may be seized if used

in the transportation of intoxicating liquor, and the vendor has no rights under Section 11, Clause 3 of the Act of March 27, 1923, P. L. 34.

It was not the purpose of the Legislature to give to all classes of innocent persons having claims or liens on vehicles, used in the illegal transportation of intoxicating liquor, the right to recover the property so affected, or to secure the value thereof by delivery to them of the proceeds of condemned vehicles sold by the sheriff on order of the Court. The provision is strictly in favor of a person holding a bailment lease or contract. The relief contemplated is to a bailor out of possession of his property because of its delivery to the bailee under a bailment lease or contract.

Argued October 17, 1927. Appeal No. 4, March T., 1928, by Commercial Investment Trust, Inc., from decree of Q. S. of Cumberland County, September Sessions, 1926, No. 36, in the case of Commonwealth of Pennsylvania v. One Nash Roadster (Commercial Investment Trust, Inc., Petitioner). Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for payment of proceeds from sale of condemned automobile. Before BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the petition. Petitioner appealed.

*Error assigned* was the decree of the Court.

*Edward T. Fischer,* of *Rose & Fischer,* for appellant.

*John E. Myers,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

This proceeding arises under the Act of March 27, 1923, P. L. 34. A Nash automobile was seized in Cumberland County while in use for the transportation of intoxicating liquor. By appropriate proceedings in the Court of Quarter Sessions, it was condemned and

ordered to be sold. Thereupon the Commercial Investment Trust, Inc., of New York City, presented a petition setting forth that about July 15, 1926, the Kruse Motors Company of Brooklyn, N. Y., entered into a conditional sale contract with one Louis Buttel of Brooklyn, under which the automobile referred to was delivered to the purchaser; at the same time, the latter executed a promissory note in the sum of $1,308 for a balance of purchase money, to secure the payment of which said conditional sale contract was executed; that about July 20th, the petitioner in the course of its business as an automobile finance company purchased the said promissory note and conditional sale contract from the Kruse Motor Co.; that no part of the above mentioned note has been paid and that the said sum remains due and payable to the petitioner, and that the latter claims a lien on the automobile for that amount, by reason whereof the petitioner prayed the court to direct that the said sum of $1,308 be paid to it out of the proceeds of the sale of the automobile. The trial judge construing the contract to be a conditional sale and not a bailment, refused the petition and from that action we have this appeal. It is plain that any relief to which the petitioner may resort must be found under Section 11 B, clause 3, where provision is made for payment to the bailee of money on a bailment lease or contract, under the conditions therein prescribed. If the document pleaded by the appellant is a bailment lease or contract, and the petitioner is a "bailor" as described in the paragraph referred to, it brings itself within the terms of the act. That the title relied on is not a lease and that the assignor to the petitioner was not a bailor, we consider evident from the terms of the contract. It was the purpose of the Kruse Company to sell the automobile to Buttel, and it was the intention of Buttel to buy. It was not the intention of either party that the vehicle was to be

returned to the Kruse Company at the end of any term of bailment. There was no provision for the payment of anything in the nature of rent. The contract did provide that on certain defaults, the vendor might seize the property, but it reserved the right to recover all the purchase money from the vendee. The right to reclaim the property did not define the nature of the contract nor distinguish it from that class of contracts known as conditional sale. It was said in Farquhar v. McAlevy, 142 Pa. 233, that it is of the essence of a contract of bailment that the article bailed be returned in its own or some altered form to the bailor so that he may have his own again. But in a contract of sale, there is no obligation to return the specific article if the terms of sale be complied with: Bretz v. Diehl, 117 Pa. 589. In a bailment lease, the bailor reserves the right to the return of the property at a time stated. If the election of return be with the other party, the transaction is a sale. It was not the purpose of the Legislature to give to all classes of innocent persons having claims or liens on vehicles the right to recover the property so affected, or to secure the value thereof by delivery to them of the proceeds of condemned vehicles sold by the sheriff on an order of the court. The provision is strictly in favor of a person holding a bailment lease or contract. The right asserted by the petitioner and disclosed by the documentary title cannot be classified within the description of a bailment. It is a conditional sale, so understood by the parties, and does not give to the petitioner "the claim of the bailor for money due under said bailment lease or contract," as made necessary by the terms of the clause referred to. The relief contemplated is to a bailor out of possession of his property because of its delivery to the bailee under a bailment lease or contract. The decision of the trial judge was in harmony with Com. v. Studebaker Coupe, 86 Pa. Superior Ct. 532. The

opinion in Com. v. One Ford Truck, 85 Pa. Superior Ct. 188, rests on a different state of facts and is not inconsistent with the conclusion reached by the court below.

The order is affirmed at the cost of the appellant.