## Commercial Banking Corporation *v.* Berkowitz et al.

Argued December 9, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*A. J. Goldin,* for appellant.

*Hirsh W. Stalberg,* and with him *Edward M. Goldsborough,* for appellee.

Opinion by Trexler, P. J., March 5, 1932:

This was an action of replevin for an automobile

brought by the Commercial Banking Corporation, an automobile finance company, against Joseph Berkowitz, the purchaser of the automobile in question under a conditional sale, and the Atlas Auto Painting Company in possession of the car when the writ was served.

The car was originally bought from an automobile company and the finance company took an assignment of the contract when it financed the deal for Berkowitz. The case was decided on the pleadings, the court entering judgment for want of a sufficient affidavit of defense.

The plaintiff's statement alleges that Berkowitz bought the automobile in question from C. H. Jennings Corporation of New York City, under a conditional sales contract in which he was to pay a certain sum in cash, receive an allowance for a traded-in car and pay the balance in twelve monthly installments. The contract is attached to the statement and contains the usual provisions as to the care and use of the car and provides that on default of any monthly installment, the seller shall have the right of repossession. The statement alleges default and the right of resumption of possession and the termination of any rights of the purchaser.

The Auto Painting Company replies that it has title to the automobile and avers that on January 1, 1930, the automobile was placed in a garage and repair shop owned by one, Grady, in Toms River, New Jersey, by a member of the State Police in New Jersey, with the knowledge and consent of Berkowitz and that pursuant to the Laws of New Jersey of 1915, chapter 312, page 556, and amendments, and of 1919, chapter 210, page 466, the automobile was advertised for sale by the constable of the county and on October 23, 1930, was sold to the Atlas Auto Painting Company of Philadelphia for $100, and that it was towed to Philadelphia for the purpose of making the necessary repairs and

on the 6th of January, 1931, the writ of replevin referred to was issued and possession of the car was taken; that the law of New Jersey, above referred to and its amendments, gives garage keepers the right of lien on motor vehicles left with the garage keeper for storage, maintenance, keeping or repairing; that said automobile was advertised for sale by the constable; that the clear title to the automobile passed to the purchaser unaffected by any conditional sale or chattel mortgage; said conditional sales contract not being of any effect because not recorded in the county to which the conditionally sold goods were removed; that the owner of the garage notified the properly authorized officer of the Philadelphia office of the plaintiff company by telephone in the second week of January, 1930, that the automobile was stored and that he was in possession of it and had a lien thereon.

The court considered the affidavit of defense inadequate, taking the view that personal property is deemed attached to the person of the owner and as present at his domicile, no matter where the actual location of the property may be and that the laws of the State of New Jersey do not apply to the present case; that the sale in New Jersey did not pass a title good as against the real owner; that the action of the purchaser cannot divest the real owner of his title.

The Act of 1915 of New Jersey, chapter 312, page 556, section 1, as amended by the Act of 1925, chapter 33, page 36, provides:

"1. All persons or corporations engaged in the business of keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles and in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline, accessories or other supplies therefor at the request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagor

remaining in possession or otherwise, has a lien upon such motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or other supplies therefor, and may without process of law detain such motor vehicle at any time it is lawfully in his possession until such sum is paid; Provided, however, that such lien shall not be superior to, nor affect, any lien, title or any interest of any persons or corporation held by virtue of a prior conditional sale or of a prior chattel mortgage *properly recorded.*" Subsequent sections relate to the method to be employed in enforcing the lien.

The court erroneously stated in its opinion that the car bore a Pennsylvania license. There is nothing in the pleadings to warrant such assertion, the fact being that the transaction between the original parties was in New York City, and that the contract between them is a New York contract.

It can hardly be questioned that the State of New Jersey had the right to pass the laws above referred to and that tangible property coming within its borders is necessarily subject to its laws. The great weight of authority is to the effect that a chattel mortgage properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another state to which the property is removed by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum." 11 C. J. 424.

"The recognition and enforcement of a lien of a mortgage executed in a foreign state is, however, a matter resting purely in comity; hence, a state may by appropriate legislation decline to observe the rule of

comity, and may require all mortgages affecting personal property which is situated therein or brought therein *to be there recorded,* as a condition precedent to the recognition of their validity in that state, and, although the requirement that an instrument conveying or affecting movable chattels shall be recorded in the place where the property is situated may not be in strict harmony with the common-law doctrine that the disposition of movables is to be governed by the law of the domicile of the owner, it is certainly competent for a state to adopt a modification of this kind to the disposition of any property within its territorial limits." 11 C. J., 425, 426.

The text is supported by a number of cases cited in the notes and we quote from one of them. In Hervey v. Rhode Island Loc. Works, 93 U. S. 664, Justice DAVIS, who wrote the opinion states:

"It was decided by this court in Green v. Van Buskirk, 5 Wall. 307, and 7 Wall. 139, that the liability of property to be sold under legal process issuing from the courts of the state where it is situated, must be determined by the law there, rather than that of the jurisdiction where the owner lives. These decisions rest on the ground that every state has the right to regulate the transfer of property within its limits, and that whoever sends property to it, impliedly submits to the regulations concerning its transfer in force there, although a different rule of transfer prevails in the jurisdiction where he resides." While the above cases refer mostly to chattel mortgages, they are equally applicable to conditional sales. It will be noticed that both chattel mortgages and conditional sales are expressly referred to in the act above quoted.

Bringing the car into Pennsylvania did not reopen the question of ownership of the title vested in the purchaser at the constable's sale, except that it remains to be ascertained at the trial whether the law

which exists in New Jersey was carried out and its provisions regularly followed, whether there was due process. Apparently, the garage owner complied with all the requirements of the New Jersey law, at least he asserts compliance by stating the course pursued before the sale of the auto was effected. This may prove to be a matter for the jury.

There is no policy of the law in Pennsylvania that would cause a departure from well established principles in order to protect the lien of the vendor under a conditional sale. If the sale was legal under the New Jersey laws, there is no reason why it should not be recognized by our courts, for in Pennsylvania and some other states, "the rights of a foreign mortgagee will not be upheld as to innocent purchasers and attaching creditors, although the property has been removed from its original location and brought within such states, without his knowledge or consent." 11 C. J. 426. Citing, Sherman State Bank v. Carr, 15 Pa. Superior Ct. 346; Armitage v. Spahn, 4 Pa. Dist. Reports 270; MacCabe v. Blymyre, 9 Phila. (Pa.) 615; McKaig v. Jones, 2 Pa. LJR 123. See also as to the standing of holders of chattel mortgages in cases of forfeiture of vehicles unlawfully used for transportation of liquor. Com. v. Studebaker Coupe, 86 Pa. Superior Ct. 532; Com. v. Chrysler, 101 Pa. Superior Ct. 160; Com. v. Mack, 91 Pa. Superior Ct. 600; Com. v. Overland, 90 Pa. Superior Ct. 376.

The statutes of the State of New Jersey relied upon by the defendant were sufficiently cited in his answer for a reference to them is apparently all that is required by rule No. 48 of the court of common pleas of Philadelphia County. At any rate, the court did not base its decision on this phase of the question and no doubt would have allowed an amendment to cure what would be a purely technical error.

The judgment is reversed with a procedendo.