## Young, to use, etc., et al. v. Kipe et al.

*Edmund C. Wingerd,* for exceptant.
*John R. Jackson,* contra.

SHEELY, P. J., fifty-first judicial district, specially presiding, May 18, 1940.—This matter is before the court upon exceptions filed on behalf of the Frederick Production Credit Association to the report of James A. Strite, Esq., auditor appointed to make distribution of the proceeds of the sheriff's sale of personal property of the above-named defendant. The facts upon which the exceptions are based are clear and may be stated as follows:

Defendant, E. W. Kipe, while a resident of Frederick County, Md., executed and delivered a chattel mortgage upon his personal property to secure a loan from the Frederick Production Credit Association. The mortgage was duly entered for record in Frederick County in compliance with a statute of Maryland providing for chattel mortgages as security for loans from certain instrumentalities of the United States Government. The personal property, at the time of the execution of the mortgage, was located in Frederick County, but the following year was removed by defendant to a farm in Franklin County, Pa. The credit association did not consent to the removal but, after learning of the removal of part of the property, did nothing to prevent removal of the balance. Several months later a copy of the chattel mortgage was recorded in the chattel mortgage book in the office of the Recorder of Deeds of Franklin County.

Thereafter, plaintiffs issued a writ of fieri facias upon their judgment against defendant, and the Sheriff of Franklin County levied upon all the personal property of defendant, including that covered by the chattel mortgage. The parties in interest agreed that the sheriff should sell all the property, and that the proceeds of the mortgaged property should stand in the place of such property. The mortgaged property sold for more than the sum of $367.88 which was due the credit association at the time of audit, so that, if the claim of the association is entitled to priority over the claim of plaintiffs, it would be entitled to payment in full.

The question presented, therefore, is whether a chattel mortgage executed and recorded in a foreign State and re-recorded · in Pennsylvania after the property covered thereby has been removed to Pennsylvania, is entitled to priority over the claim of an execution creditor in Pennsylvania. The auditor held that it was not, and the credit association filed these exceptions to his report.

The general rule is firmly established in Pennsylvania that a mortgage of personal property without a change of possession will not create a lien in favor of the mortgagee as against an execution creditor of the mortgagor: Klaus v. Majestic Apartment House Co., 250 Pa. 194, 220 (1915). This rule applies even though the chattel mortgage was executed outside the State in a jurisdiction where such instruments are recognized and given full effect: Bank v. Carr, 15 Pa. Superior Ct. 346 (1900); Commercial Banking Corp. v. Berkowitz et al., 104 Pa. Superior Ct. 523, 529 (1931); Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., 124 Pa. Superior Ct. 27, 30 (1936). As to the status of holders of chattel mortgages in cases of forfeiture of vehicles unlawfully used for transportation of liquor, see Commonwealth v. One Studebaker Light Six Coupe, 86 Pa. Superior Ct. 532, Commonwealth v. One Chrysler Coupe et al., 101 Pa. Superior Ct. 160, Commonwealth v. One Nash Roadster, 91 Pa. Superior Ct. 600, and Commonwealth v. One Five-Passenger Overland Sedan, 90 Pa. Superior Ct. 376. Compare A. L. I. Restatement of Conflict of Laws, §§266-270, 11 C. J. p. 424, and 11 Am. Jur. p. 357.

Exceptant recognizes this rule, but contends (1) that the rule is based upon public policy, and that since the Legislature of Pennsylvania, by the Act of March 2, 1933, P. L. 6, as amended by the Act of April 18, 1935, P. L. 38, and the Act of July 15, 1936, P. L. 47, 21 PS 841 et seq., has authorized the taking of chattel mortgages under the circumstances surrounding the execution of the chattel mortgage in this case, the reason for the rule no longer exists as to this type of mortgage and the

rule should not apply in this case; and (2) that the subsequent recording of the Maryland mortgage in Franklin County made the mortgage, in effect, a Pennsylvania chattel mortgage under that statute, and since the mortgage was recorded in Franklin County prior to plaintiffs' execution it would take priority.

The statutes relating to chattel mortgages in Pennsylvania, above cited, were passed for the purpose of enabling Pennsylvania farmers to borrow money from the Federal Government and its instrumentalities and are, in a sense, emergency legislation and, as such, entitled to a most liberal construction to effect the purpose of the legislature: Karns et al. v. East Central Fruit Growers Production Credit Assn., 20 D. & C. 83, 86 (1934). It was stated in Personal Finance Co. of N. Y. v. General Finance Co., 133 Pa. Superior Ct. 582, 587 (1938), that our former hostility to chattel mortgages apparently has been somewhat mollified, as evidenced by these statutes, and that the public policy of the Commonwealth with relation to such mortgages has changed to that extent. But the change has been restricted to the extent necessary to effect the legislative purpose of enabling Pennsylvania farmers to borrow money from the Federal Government and its instrumentalities, and to give such agencies a means of securing their loans. Chattel mortgages generally were not validated and no provision was made preserving the lien of a mortgage given in another State.

The statutes above cited, being in derogation of the common law of the State, cannot be extended beyond their plain import: Bridgeford v. Groh et ux., 306 Pa. 566 (1932). This rule of construction is not affected by the provisions of section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558. If the legislature had intended to do more than to provide for chattel mortgages from Pennsylvania farmers to agencies of the Federal Government and had intended to provide

that chattel mortgages from another State should be valid as against an execution creditor in Pennsylvania, it would have made provision therefor as it did in section 14 of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603. In the absence of such provision we must assume that the legislature did not intend to alter the firmly-established rule: Davidson, Executrix, v. Bright, 267 Pa. 580; and the chattel mortgage executed in Maryland cannot be given priority to the execution creditors in Pennsylvania.

The question remains whether the credit association improved its position by recording the copy of the chattel mortgage in Pennsylvania after the property was moved to that State. No provision is made in the Pennsylvania statute for the recording of a mortgage previously given when the property is moved to a new location. Both the Act of 1933, supra, and the Act of 1936, supra, provide for the recording of a chattel mortgage in the county in which the mortgaged property is actually located at the time of the execution of the mortgage. This mortgage was properly recorded in Frederick County, Md., and the re-recording thereof in Pennsylvania gave the mortgagee no additional rights as against an execution creditor in Pennsylvania. As shown above, the existing rules of law relating to chattel mortgages were changed only insofar as was necessary to effect the legislative purpose. The protection of a mortgage given in another State was not included within that purpose, and a recording of the mortgage where there is no statutory provision requiring it, would not be notice to anyone: Klaus v. Majestic Apartment House Co., supra.

The questions involved were fully and ably discussed by the learned auditor in his report and his conclusions must be confirmed.

And now, May 18, 1940, the exceptions to the report of the auditor are dismissed and his report is confirmed absolutely.