## Personal Finance Co. v. Cohen et al.

*Lloyd W. Woodward,* for plaintiff.

*Samuel Goldfarb* and *Herbert J. Jubelirer,* for defendants.

BURNSIDE, J., May 17, 1941.—This replevin case comes before the court on facts which have been agreed upon, and are substantially as follows:

Heimy Cohen, one of the defendants, owned the truck in controversy. He borrowed $250 from plaintiff, Personal Finance Company, and executed to said plaintiff a chattel mortgage on said truck to secure such loan, transferring title to the finance company, but himself retaining possession of said truck. He then caused a certificate of title to be issued in his own name, showing an encumbrance in the amount of $250 in favor of plaintiff company. Subsequently, the said Heimy Cohen purchased tires from J. A. Scott, the other defendant named in this action, and executed and delivered to said Scott a judgment note to secure payment. At the time Mr. Scott extended credit for said tires, he had no actual knowledge of the existence of plaintiff's chattel mortgage. Defaulting in his payment on said note, an execution was issued against Heimy Cohen by Scott, who purchased said truck at execution sale, and took

possession thereof. This replevin action was instituted against both Cohen and Scott by the Personal Finance Company.

A decision of this case involves the construction of section 203(*b*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Acts of June 29, 1937, P. L. 2329, and June 27, 1939, P. L. 1135. The heading prefixed to section 203 in the Acts of 1929 and 1937, supra, reads: "Contents, Delivery and Life of Certificate of Title". The amendment of 1939 adds the word "Effect" to such heading, making the same now read: "Contents, Delivery, Effect and Life of Certificate of Title"; and the following new clause has been inserted in the amendment of 1939, viz:

"The certificate of title, when issued by the secretary showing a lien or encumbrance, shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle . . . exists, and failure to transfer possession of the vehicle . . . shall not invalidate said lien or encumbrance."

Section 208 of The Vehicle Code of 1929 was amended by the Act of May 25, 1933, P. L. 1059, by making, inter alia, the following provisions:

". . . but where a first lien, encumbrance, or legal claim upon such motor vehicle is held by another, the secretary shall deliver the said certificate of title, containing thereon a statement of the liens, encumbrances, or legal claims upon such motor vehicle, to the person holding such first lien, encumbrance, or legal claim, which shall be retained by such person until the entire amount of such first lien, encumbrance, or legal claim is fully paid by the owner of said motor vehicle, when the said certificate of title shall be delivered to said owner by the person who held the first lien, encumbrance, or legal claim, with proper evidence of satisfaction of same. . . . The certificate of title, when issued by the secretary, showing a lien or encumbrance shall be adequate notice to the Commonwealth, creditors, and

purchasers that a lien against the motor vehicle exists, and failure to transfer possession of the vehicle shall not invalidate said lien or encumbrance . . ."

Did the legislature, when it enacted the amendment to section 203 (*b*) in 1939, intend chattel mortgages to be included in the words "lien or encumbrance"? If so, such inclusion changes the existing law on the subject of chattel mortgages. The case of Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., 124 Pa. Superior Ct. 27, was decided in 1936. In its opinion the Superior Court expressly held that the 1933 amendment to section 208 of The Vehicle Code, referred to above, has no application to chattel mortgages, but that the section relates only to changes of ownership "by operation of law and judicial sale". The opinion expressly held that, although chattel mortgages generally are valid as between the parties themselves, they are invalid as against creditors of the mortgagor, even though the chattel mortgage was executed and recorded outside of this Commonwealth in a jurisdiction where such instruments are recognized and given full effect. The decision further expressly held that such rule is applicable even though prior to *attachment* of the mortgaged property a creditor has notice of the encumbrance. The opinion says, in part (p. 30) :

"As stated in the comprehensive opinion of the court below, it has long been the settled rule in this state that chattel mortgages generally are contrary to our public policy and will not prevail against claims of bona fide purchasers or creditors: *Klaus v. Majestic Apartment House Co.*, 250 Pa. 194, 95 A. 451. It is further settled that the rule applies even though the chattel mortgage was executed outside of this state, in a jurisdiction where such instruments are recognized and given full effect: *Bank v. Carr*, 15 Pa. Superior Ct. 346; *Commercial Banking Corp. v. Berkowitz et al.*, 104 Pa. Superior Ct. 523, 529, 159 A. 214."

The facts of the Kaufmann & Baer case do not show that the subsequent creditor actually had "notice" of

the existence of said chattel mortgage at the time his *debt was created,* but there are dicta in the opinion to the effect that even if the creditor did have notice it would not change the court's opinion, the court saying (p. 31) :

"Even if notice to Kaufmann & Baer would have the effect contended for by appellant, and we think it would not. . . ."

The Kaufmann & Baer opinion cites the case of Commonwealth v. One Studebaker Light Six Coupe, 86 Pa. Superior Ct. 532. That case involved a petition for the forfeiture of an automobile used for transporting intoxicating liquor. The holder of a chattel mortgage upon the car, valid under the laws of the State of Ohio, unsuccessfully attempted to establish his claim. In said case, the Superior Court said in part (p. 536) :

"When the vehicle was brought into Pennsylvania by the owner it became subject to the laws of this state and any creditor of the owner might have caused it to be seized in execution for the payment of his debt, although that creditor knew of the existence of the mortgage in the state of Ohio . . ."

The law of Pennsylvania, therefore, at the time the amendment to section 203 (*b*) was enacted in 1939, was that chattel mortgages "are contrary to our public policy and will not prevail against claims of bona fide purchasers or creditors": Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., supra; Clow et al. v. Woods, 5 S. & R. 275; Roberts' and Pyne's Appeal, 60 Pa. 400; Klaus v. Majestic Apartment House Co., supra.

Although no brief has been filed on behalf of plaintiff, we understand plaintiff to contend that the legislature intended to change the law respecting chattel mortgages by said amendment.

There is no doubt that the legislature, by express provision, may validate chattel mortgages. Various acts of assembly have validated such instruments as to

interests in mining fixtures and machinery; certain leasehold interests; iron ore and crude oil; rentals and royalties from coal and minerals; vessels; crops and farm machinery to secure Federal loans, and so forth; all of the numerous acts of assembly providing for the recording of such mortgages in the various counties where the property is located. There is no reason why the legislature could not provide for the recording of chattel mortgages on automobiles at the Department of Motor Vehicle Registration, have said mortgages noted on the certificates of title, and thus make such mortgages valid as against creditors. But the amendment above referred to does not expressly refer to chattel mortgages, and we are asked to infer that it was the legislative intent to change the law which existed at the time of said amendment, by providing that such registration on the certificate of title should be "adequate notice to . . . creditors and purchasers".

Suppose the case where an automobile owner secured the noting of an encumbrance for $250 upon a certificate of title, and in fact the debt was a gambling debt, also invalid as contrary to public policy. Should the court hold that the noting of such an encumbrance is "notice to creditors" so as to bar the collection of a subsequently incurred commercial debt by writ of execution against such automobile?

A certificate of title is not a warrant of ownership or muniment of title: Braham & Co. v. Steinard-Hannon Motor Co. et al., 97 Pa. Superior Ct. 19. In the last-cited case the opinion of the Superior Court says (p. 23):

"It is clear that the primary purpose of the Act of 1923, supra, [an act providing a system of registering titles to motor vehicles] was to protect the public against the theft of automobiles and their resale by the thief, and to facilitate the recovery of stolen automobiles. It was a police measure, and was not designed to establish the ownership or proprietorship of the car,

but rather to register the name and address of the person having the present right of possession, and to furnish persons dealing with one in possession of a car a means of determining whether such possession was prima facie lawful."

Our Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, provides that in ascertaining the intention of the legislature in the enacting of a law the courts may be guided by the following presumptions, among others:

"(4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language;

"(5) That the Legislature intends to favor the public interest as against any private interest."

Having intended to favor the public policy as declared by our appellate courts, it is obvious that the legislature, by the amendment referred to, did not intend to include chattel mortgages by the use of the words "creditors and purchasers."

The only reported case in Pennsylvania which we have been able to find which was decided subsequent to the aforesaid amendment of 1939 is the case of Hayward et al. v. Wandrie et al., 21 Erie 258. This case expressly holds that the pledge of a chattel without transfer of possession is void as to bona fide purchasers, pledgees, and execution creditors; and further holds that the issuance of a Pennsylvania certificate of title, listing an encumbrance, does not charge a creditor with notice that a chattel mortgage is an encumbrance. Unfortunately, this opinion does not refer to the amendment of 1939, and we have no means of knowing whether or not such amendment was considered by the court in the writing of such opinion.

However, we are of the opinion that the 1939 amendment of The Vehicle Code does not apply to chattel mortgages, and that the claim of defendant J. A. Scott, as

purchaser at the execution sale, must be sustained as against the claim of plaintiff, a chattel mortgagee. This opinion is based solely on the ground that the encumbrance noted on the certificate of title issued to Heimy Cohen was actually a chattel mortgage. It is not intended to decide any question involving any other form of security for debt.

Having decided in favor of defendants, it will not be necessary to discuss defendants' additional contention that section 203 of the Act of June 27, 1939, P. L. 1135, violated article III, sec. 7, of the Constitution of Pennsylvania, by providing new or changing old methods for the collection of debts.

And now, May 17, 1941, it is directed that judgment be entered in favor of Heimy Cohen and J. A. Scott, defendants, and against the Personal Finance Company of Charleroi, plaintiff.

And now, May 17, 1941, an exception is noted for plaintiff to the above order directing that judgment be entered in favor of defendants and against plaintiff.