## Discount & Credit Corporation v. Ortman

*James L. Baxter*, for plaintiff.
*Martin Silvert*, for defendant.

ALESSANDRONI, J., January 8, 1942.—This action in replevin was instituted for the possession of a 1941 De Soto automobile in the possession of defendant, Herman Ortman. To a declaration in replevin filed by plaintiff, defendant has filed this affidavit of defense raising questions of law.

The declaration alleges that plaintiff is a corporation organized under the laws of the State of Delaware, engaged in the business of selling and financing automobiles. Defendant is a resident of the City of Philadelphia. On February 18, 1941, plaintiff sold an automobile to Lewis D. Price, trading as the Price Motor Company at Wilmington, Del., pursuant to the terms of a conditional sales contract. The contract provided that the car was to be kept exclusively in Northeast, Md., which is in Cecil County. It further provided that the title to the property was not to pass until the purchaser had paid the full amount under the contract. The purchaser also agreed to use the property for his own use. It is further averred that Lewis D. Price defaulted in the payment of instalments under the con-

tract and in violation of the terms thereof, without the knowledge and consent of plaintiff, delivered the car to the Motor Finance Corporation at Philadelphia, who in turn sold and delivered it to defendant.

The first reason assigned in support of the affidavit of defense is that the declaration fails to allege compliance with the Conditional Sales Act of the State of Delaware. Plaintiff argues that the laws of the State of Maryland are applicable and also that it is unnecessary to plead the foreign statute and compliance therewith. The situation which now arises is ample proof of the reason why the foreign law must be pleaded. Under the Uniform Judicial Notice of Foreign Law Act of May 4, 1939, P. L. 42, 28 PS §291, it is necessary only for the plaintiff to give reasonable notice either in his pleadings or otherwise of the statute upon which he intends to rely. Since such notice has not been otherwise given, it would appear that the most practical manner of doing so would be by pleading. The authority relied upon by plaintiff for his contention that the declaration need not contain an averment of the statute and compliance therewith is Riccardi Motor Car, Inc., et al. v. Weinstein et al., 98 Pa. Superior Ct. 41. A careful examination of that case discloses that it does not support such a proposition and that the court was of the opinion that such averments were not necessary in that case because defendant did not aver that he purchased the car from the vendee under the agreement without notice of the conditional sale. The protection of plaintiff's property interest under any circumstances depends upon compliance with the proper statute.

It seems clear that the law of Maryland is the applicable law. The parties contemplated that the contract, although executed in Wilmington, Del., was to be performed in Northeast, Md., where the subject matter was removed immediately after the execution of the agreement and where it was to be maintained.

The principle of lex loci contractus does not apply when it appears that the contract is to be performed and is to have its beneficial operation and effect elsewhere and where it is made with reference to the laws of another State: Hervey et al. v. Rhode Island Locomotive Works, 93 U. S. 664. Where goods are bought on conditional sale for immediate removal to another State, the law of the State to which the property is removed is controlling: 1 Williston on Sales (2d ed.), sec. 339, p. 802; Hoar on Conditional Sales (1937 ed.) chap. 13, p. 224. We are, therefore, of the opinion that plaintiff should give notice of the statute in the State of Maryland on which he intends to rely and should plead compliance therewith.

Defendant also contends that he is an innocent purchaser for value from the Motor Finance Company, a dealer in automobiles, and further that Lewis D. Price, the immediate vendee, is a dealer in automobiles and purchased this property for the purpose of resale as distinguished from use. These are allegations of fact which must be pleaded in an affidavit of defense to the merits and cannot be considered in a pleading raising questions of law. In like manner we cannot consider the final argument raised by defendant that reservations of title in the vendor under a conditional sales contract will not be enforced as against bona fide purchasers from or creditors of the vendee in the conditional sales contract. In their present state, the pleadings do not establish the status of defendant as an innocent purchaser for value.

Generally it has been well established that a contract which is a valid form of security where possession is delivered for use cannot be extended to cover a delivery of possession for the purpose of resale. A distributor cannot deliver automobiles to a dealer for the purpose of having the latter sell them and at the same time tie up the title as respects a purchaser from the dealer: Hoeveler-Stutz Co. v. Cleveland Motor Sales, Rossman

and Knisel, 92 Pa. Superior Ct. 425. It is not sufficient, however, to show that the person to whom the car was delivered was a dealer, for there is nothing in that fact alone necessarily inconsistent with a delivery for use. It may have been intended solely for demonstration or for other employment by the person to whom it was delivered: Leitch v. Sanford Motor Truck Co. et al., 279 Pa. 160.

In the case of Commercial Banking Corp. v. Berkowitz et al., 104 Pa. Superior Ct. 523, which involved a conditional sales contract executed in the State of New York and the sale of that car in the State of New Jersey pursuant to a garage-keeper's statutory right of lien, the court stated at page 529:

" '. . . the rights of a foreign mortgagee will not be upheld as to innocent purchasers and attaching creditors, although the property has been removed from its original location and brought within such states, without his knowledge and consent.' " See also Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., 124 Pa. Superior Ct. 27.

It is likewise well established in Pennsylvania that a transaction between a finance company and a dealer is not effective as against creditors of the latter and innocent purchasers for value where the instrument evidencing the nature of the transaction is in reality a conditional sale and not a bailment lease. Likewise, a bailment lease does not afford protection to the alleged bailor as against such parties where the subject of the bailment is destined not for use but for sale by the alleged bailee. We do not at this time, however, attempt to decide whether our courts will protect the lien of the vendor under a conditional sale which was properly executed and recorded according to the law of the place where the property was located in which it was valid even against creditors and purchasers in good faith. The present state of the pleadings does not

afford sufficient information as to the status of either plaintiff or defendant.

For the foregoing reasons, therefore, the affidavit of defense raising questions of law must be sustained and plaintiff given an opportunity to file an amended declaration in replevin giving notice of the law of the foreign State upon which he intends to rely and averring compliance with that statute.

*Order*

And now, to wit, January 8, 1942, the affidavit of defense raising questions of law is sustained and plaintiff is given leave to file an amended declaration in replevin within 15 days.