# Aid Investment and Discount, Inc., v. McNiff et al.

*McCrea & McCrea,* for plaintiff.

*F. J. Templeton,* for defendants.

SHUGHART, P. J., November 4, 1949.—The facts in this case as disclosed by the pleadings are that defendant Gerard McNiff purchased the car in question, a 1941 Buick sedan, in Ohio in 1948 and gave a chattel mortgage and a promissory note in the amount of $1,173.78 as partial payment therefor. This mortgage and note were subsequently assigned to present plaintiff. The chattel mortgage was duly recorded in Ohio. An Ohio certificate of title was issued to McNiff showing a chattel mortgage in the above amount in favor of plaintiff. McNiff brought the vehicle into Pennsylvania where it was delivered to defendant Hollar on January 1, 1949, in such a damaged condition that it could not be operated under its own power and had to be towed. Hollar repaired the car for which services he had a bill in the amount of $159.95. It is not denied that these repairs were necessary.

Following the issuance of a writ of replevin, plaintiff filed a complaint to which defendant Hollar filed an answer together with new matter, the substance of which is that he made the repairs upon the faith and credit of the car itself and therefore had a lien thereon for $159.95, with interest, which lien is superior to the lien of plaintiff or any other person. Plaintiff has filed a preliminary objection to the new matter

in the nature of a demurrer. It is the disposition of this matter which is now before the court.

The principal question before the court is a determination of the priority in lien on a motor vehicle between the holder of a chattel mortgage recorded in Ohio and one who has made repairs to such vehicle in Pennsylvania.

Prior to the passage of the Chattel Mortgage Act of June 1, 1945, P. L. 1358, 21 PS §940.1 et seq., chattel mortgages generally were considered against the public policy of this State and were consistently held to be invalid as to bona fide purchasers and creditors: Klaus v. Majestic Apartment House Co., 250 Pa. 194. This same rule was applied even though the chattel mortgage was executed outside of Pennsylvania in a State where such encumbrances were recognized and given full effect: Bank v. Carr, 15 Pa. Superior Ct. 346; Commercial Banking Corp. v. Berkowitz et al., 104 Pa. Superior Ct. 523, 159 Atl. 217; Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., 124 Pa. Superior Ct. 27. In 2 Beale, Conflict of Laws, sec. 266.3, it is stated that this is an exceptional doctrine, peculiar to Pennsylvania and Louisiana.

The Act of June 1, 1945, supra, provided generally for the mortgaging of chattels in Pennsylvania and set forth the requisites for validity as against bona fide purchasers and creditors. Defendant does not deny that the mortgage in the instant case complied with the requirements of the Ohio statute relating to chattel mortgages. It is likewise not contended that the requirements of the Ohio statute are dissimilar to the Pennsylvania statute. A notation of the encumbrance was made on the certificate of title issued to McNiff as is required under our own statute in section 5 (21 PS §940.5).

We have been cited no case, nor have we found any, where the precise question here raised has been decided

since the passage of the Act of June 1, 1945. In the case of First National Bank of Jamestown v. Sheldon et al., 161 Pa. Superior Ct. 265, a chattel mortgage lien on a motor vehicle was properly entered and recorded in New York State where it was valid and enforcible against third persons. Subsequently the mortgagor, without the knowledge and consent of the mortgagee, moved the car into Pennsylvania and sold it to an innocent purchaser for value who had no notice or knowledge of the lien. The court held that the purchaser acquired title to the vehicle free of the lien of the mortgage. It is true as contended by plaintiff here that that case differs from the instant case because it appears that New York State does not have a system of titling vehicles such as exists in Pennsylvania and apparently exists in Ohio. In New York State, licenses are issued on presentation of a bill of sale and there is no requirement that an encumbrance be noted thereon. The following language of the court, however, indicates that that difference was not the basis of the court's decision in the case.

"The learned court below held that the passage of the Act (Act of 1945) was a 'complete reversal of our public policy upon the question of the validity of chattel mortgages against bona fide purchasers and creditors'. It was there that the learned court first fell into error. One notable exception prevents it from being a 'complete reversal' and that is the proviso in section 5 of the Act 'that the filing as provided in section 8 of this Act of a chattel mortgage against any motor vehicle, trailer or semi-trailer with respect to which a certificate of title is issuable under the Vehicle Code, approved the first of May, one thousand nine hundred twenty-nine (Pamphlet Laws, nine hundred five), as amended, shall not operate as notice of the lien thereof to the Commonwealth, creditors and purchasers, unless and until a statement of such lien is noted on

the certificate of title issued with respect to such motor vehicle, trailer or semi-trailer pursuant to the provisions of said Vehicle Code.'

"The legislature made no exception in favor of chattel mortgages executed and effective in other states, where the motor vehicle embraced in such instrument is subsequently brought into this state and here sold for a valuable consideration and without notice. Since the Chattel Mortgage Act is a departure from a heretofore settled public policy of the state, we cannot extend its provisions farther than was clearly intended by the legislature. *Had the legislature intended the proviso not to apply to motor vehicles mortgaged in other states and brought into Pennsylvania, it should, and no doubt would, have said so. In the absence of a clear intent by the legislature to the contrary, it must be held to have intended that the law applicable to motor vehicles brought into this state from foreign jurisdictions should remain as it was before the passage of the Act of 1945.*

"The Act changes our public policy only to the extent of its express provisions. It specifically treats motor vehicles differently than other types of chattels. It was within the power of the legislature to exclude motor vehicles from its provisions entirely. Instead, it provided for an exception in respect of such vehicles only. The Act, therefore, should be judicially interpreted so as to comply with this exception and thus give effect to the obvious intention of the legislature." (Italics supplied.)

It appears that the Pennsylvania rule is not in accord with the rule set forth in section 280 of the A. L. I. Restatement of the Law of Conflict of Laws; however, the above pronouncement of the court we believe clearly indicates the true basis of the decision, and since it is applicable to the instant case we are bound thereby. We do think that a repairman who has restored plain-

tiff's property is in a stronger position than an attaching creditor who bestows no benefit whatever on plaintiff. In Kaufmann & Baer v. Monroe Motor Line Transportation, Inc., supra, decided in 1936 the court held that the right of an attaching creditor in Pennsylvania was superior to that of a mortgagee in a chattel mortgage recorded in New York.

And now, November 4, 1949, for the reasons given in the foregoing opinion the preliminary objections to the new matter are dismissed and plaintiff given 20 days from the filing of this opinion within which to file an answer.